THE HONORABLE THOMAS T. GLOVER
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>WARWICK PROPERTIES, LLC,<br><br>Debtor.<br>_____<br><br>FEDERAL TRADE COMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>WARWICK PROPERTIES, LLC; HEIDI FOGG; and JOHN STEFANCHIK,<br><br>Defendants. | NO. 08-16620<br><br><br><br><br><br>Adversary No. 09-01584<br><br><br>ANSWER TO COMPLAINT |

COMES NOW the Defendants, Warwick Properties LLC, Heidi Fogg, and John Stefanchik, by and through their attorney of record, Jeffrey B. Wells, and in answer to the adversary complaint of the Plaintiff, admit and deny as follows:

1.    In answer to paragraphs 1 through 12 of Plaintiff's complaint, Defendants admit the same.

2.    In answer to paragraph 13 of Plaintiff's complaint, Defendants deny the same and further states that Defendant Stefanchik only became aware of potential liability on or about November of 2002.

3.    In answer to paragraphs 14 and 15 of Plaintiff's complaint, Defendants admit the same.

ANSWER TO COMPLAINT - 1
C:\JBWells\Client Files\Warwick Properties, LLC - 11\ADv - Federal Trade Commission\Answer to Complaint.wpd

*Law Offices*
JEFFREY B. WELLS
502 LOGAN BUILDING
500 UNION STREET
SEATTLE, WA 98101
(206) 624-0088 • Fax (206) 624-0086

4. In answer to paragraph 16 of Plaintiff's complaint, Defendants deny the same but do admit that Plaintiff filed an abstract of judgment with the King County Recorder.

5. In answer to paragraph 17 of Plaintiff's complaint, Defendants admit the same.

6. In answer to paragraph 18 of Plaintiff's complaint, Debtor admits that it has listed the Mercer Island property as an asset but denies that Debtor listed the Stefanchik case as a suit to which Debtor was a party. Rather Debtor listed the Stefanchik case for purposes of full disclosure and because the FTC claimed money was owed to it by the Debtor as a result of that lawsuit.

7. In answer to paragraphs 19, 20, 21, and 22 of Plaintiff's complaint, Defendants admit the same.

8. In answer to paragraph 23 of Plaintiff's complaint, Defendants are investigating the averment but are without knowledge as to the truth of the averment at this time and therefore deny the same.

9. In answer to paragraphs 24, 25, 26, 27, 28, 29 and 30 of Plaintiff's complaint, Defendants admit the same.

10. In answer to paragraph 31 of Plaintiff's complaint, Defendants deny the same and further state that transactions were for consideration and did not involve John Stefanchik but may have involved Defendant Heidi Fogg.

11. In answer to paragraphs 32, 33, 34, 35, 36 and 37 of Plaintiff's complaint, Defendants admit the same.

12. In answer to paragraphs 38 of Plaintiff's complaint, Defendants admit that Warwick Properties LLC purchased the Mercer Island property and that the balance of the purchase price came from a loan from Washington Mutual to Warwick Properties and Heidi Fogg but deny that John Stefanchik personally provided any funds.

13. In answer to paragraph 39 of Plaintiff's complaint, Defendants deny the same and further state that Defendants Stefanchik and Fogg moved into the property in June of 2004.

14. In answer to paragraphs 40 and 41 of Plaintiff's complaint, Defendants admit the

ANSWER TO COMPLAINT - 2
C:\JBWells\Client Files\Warwick Properties, LLC - 11\ADv - Federal Trade Commission\Answer to Complaint.wpd

*Law Offices*
JEFFREY B. WELLS
502 LOGAN BUILDING
500 UNION STREET
SEATTLE, WA 98101
(206) 624-0088 • Fax (206) 624-0086

Case 09-01584-TTG    Doc 4    Filed 01/15/10    Entered 01/15/10 19:05:02    Page 2 of 6

same.

15. In answer to paragraphs 42 and 43 of Plaintiff's complaint, Defendants admit the same.

16. In answer to paragraph 44 of Plaintiff's complaint, Defendants deny the same.

17. In answer to paragraph 45 of Plaintiff's complaint, Defendants deny the same and further deny that any other corporate entity was controlled by John Stefanchik.

18. In answer to paragraph 46 of Plaintiff's complaint, Defendants deny the same. Specifically when PDS purchased the home, the home was still subject to a first position deed of trust.

19. In answer to paragraph 47 of Plaintiff's complaint, Defendants deny the same.

20. In answer to paragraphs 48 and 49 of Plaintiff's complaint, Defendants admit the same.

21. In answer to paragraph 50 of Plaintiff's complaint, Defendants deny the same.

22. In answer to paragraphs 51, 52, and 53 of Plaintiff's complaint, Defendants deny the same.

23. In answer to paragraph 54 of Plaintiff's complaint, Defendants deny the same but admit that John Stefanchik provided information at Debtor's 341 meeting.

24. In answer to paragraph 55 of Plaintiff's complaint, Defendants deny the same and specifically deny that monies came from Defendant Stefanchik and further state that the purchase of the Mercer Island home held by Warwick has been funded by itself through real estate appreciation.

25. In answer to paragraph 56 of Plaintiff's complaint, Defendants deny the same.

26. In answer to paragraph 57 of Plaintiff's complaint, Defendants admit the same but further state that because Warwick is an LLC, it is proper that income, expenses and losses from the Debtor be reported on Stefanchik's and Fogg's personal income tax.

27. In answer to paragraph 58 of Plaintiff's complaint, Defendants admit the same.

ANSWER TO COMPLAINT - 3
C:\JBWells\Client Files\Warwick Properties, LLC - 11\ADv - Federal Trade Commission\Answer to Complaint.wpd

*Law Offices*
JEFFREY B. WELLS
502 LOGAN BUILDING
500 UNION STREET
SEATTLE, WA 98101
(206) 624-0088 • Fax (206) 624-0086

Case 09-01584-TTG    Doc 4    Filed 01/15/10    Entered 01/15/10 19:05:02    Page 3 of 6

28. In answer to paragraph 59 of Plaintiff's complaint, Defendants deny the same.

29. In answer to paragraph 60 of Plaintiff's complaint, Defendants deny the same but further state that court permission to sell the Seattle property was required since the debt on the Seattle property was owed by Warwick Properties LLC.

30. In answer to paragraph 61 of Plaintiff's complaint, Defendants deny the same.

31. In answer to paragraph 62 of Plaintiff's complaint, Defendants deny the same and further state that any monies paid by Warwick were used to pay back debts owed by Warwick or were secured debts on the property sold.

32. In answer to paragraph 63 of Plaintiff's complaint, Defendants deny the same.

33. In answer to paragraph 64 of Plaintiff's complaint, Defendants deny the same and further state that Warwick has generated income in the form of rents from the Seattle property and further state that it is only fitting that Stefanchik and Fogg made monthly payments on the property owed by Warwick since they otherwise enjoyed the benefit of residing on the Warwick property and further state that any payments made were made by Heidi Fogg and not John Stefanchik.

34. In answer to paragraph 65 of Plaintiff's complaint, Defendants deny the same and further state that any payments made were made by Heidi Fogg and not John Stefanchik.

35. In answer to paragraph 66 of Plaintiff's complaint, Defendants deny the same.

36. In answer to paragraph 67 of Plaintiff's complaint, Defendants deny the same and further state that only Heidi Fogg holds an interest in Warwick.

37. In answer to paragraphs 68, 69, 70, 71, 72, and 73 of Plaintiff's complaint, Defendants deny the same.

38. In answer to paragraph 74 of Plaintiff's complaint, Defendants deny the same.

39. In answer to paragraph 75 of Plaintiff's complaint, Defendants admit that Plaintiff is apparently proceeding under the Federal Debt Collection Procedure Act of 1990, 28 U.S.C. § 3001.

40. In answer to paragraph 76 of Plaintiff's complaint, Defendants deny the same and

ANSWER TO COMPLAINT - 4
C:\JBWells\Client Files\Warwick Properties, LLC - 11\ADv - Federal Trade Commission\Answer to Complaint.wpd

*Law Offices*
JEFFREY B. WELLS
502 LOGAN BUILDING
500 UNION STREET
SEATTLE, WA 98101
(206) 624-0088 • Fax (206) 624-0086

Case 09-01584-TTG    Doc 4    Filed 01/15/10    Entered 01/15/10 19:05:02    Page 4 of 6

further state that monthly payments were only tendered by Heidi Fogg.

41. In answer to paragraphs 77, 78, 79, 80, 81, 82 and 83 of Plaintiff's complaint, Defendants deny the same.

42. In answer to paragraph 84 of Plaintiff's complaint, Defendants deny the same.

43. In answer to paragraph 85 of Plaintiff's complaint, Defendants admit that Plaintiff is apparently pursuing an action under Washington's Uniform Fraudulent Transfer Act but deny that any transfers set forth in the complaint were improper transfers under that act.

44. In answer to paragraph 86 of Plaintiff's complaint, Defendants deny the same and further state that any payments made were by Heidi Fogg only.

45. In answer to paragraphs 87, 88, 89, 90, 91, 92, and 93 of Plaintiff's complaint, Defendants deny the same.

46. In answer to paragraph 94 of Plaintiff's complaint, Defendants deny the same.

47. In answer to paragraph 95 of Plaintiff's complaint, Defendants admit the same.

48. In answer to paragraph 96 of Plaintiff's complaint, Defendants admit that Plaintiff is seeking to enforce its judgment as a lien on Defendant's Mercer Island property.

49. In answer to paragraph 97 of Plaintiff's complaint, Defendants admit that they contend that the FTC judgment is not a lien on the assets held by the Debtor Warwick but deny the rest and remainder of the paragraph.

50. In answer to paragraph 98 of Plaintiff's complaint, Defendants admit that they contend the Mercer Island property is not subject to the FTC 's judgment lien but deny the rest and remainder of the paragraph.

51. In answer to paragraph 99 of Plaintiff's complaint, Defendants are without current knowledge as to the truth averment and therefore, at this time, deny the same.

52. In answer to paragraphs 100, 101, 102, and 103 of Plaintiff's complaint, Defendants deny the same.

By way of further answer to Plaintiff's complaint, Defendants allege the following

ANSWER TO COMPLAINT - 5
C:\JBWells\Client Files\Warwick Properties, LLC - 11\ADv - Federal Trade Commission\Answer to Complaint.wpd

*Law Offices*
JEFFREY B. WELLS
502 LOGAN BUILDING
500 UNION STREET
SEATTLE, WA 98101
(206) 624-0088 • Fax (206) 624-0086

Case 09-01584-TTG    Doc 4    Filed 01/15/10    Entered 01/15/10 19:05:02    Page 5 of 6

affirmative defenses:

1. If the court pierces the corporate veil of Warwick, in reverse, the Warwick property is either the separate property of Heidi Fogg or the community property of Heidi Fogg and John Stefanchik.

2. The judgment Plaintiff obtained was against John Stefanchik individually and the Beringer Corporation and was not a judgment against the martial community of John Stefanchik and Heidi Fogg or a separate judgment against Heidi Fogg.

3. The judgment of Plaintiff is not a lien on Debtor's property and cannot be a lien on Defendants Heidi Fogg's separate property nor Heidi Fogg's interest in community property.

4. Counsel for the Defendants has filed the present answer to prevent a default. It is expected that Debtor and the other Defendants will obtain substitute counsel and that such substitute counsel may wish to amend the answers filed herein.

WHEREFORE, Defendant having answered Plaintiff's complaint and having denied the same, except where specifically having admitted the same, and having alleged various affirmative defenses, requests that the court enter the following relief:

1. For an order dismissing Plaintiff's complaint with prejudice and without costs, and

2. For award of Defendant reasonable attorney's fees and costs, and such other and further relief as the court may deem just and equitable in the premise.

DATED this 15th day of January, 2010.

                           */s/ Jeffrey B. Wells*
                           Jeffrey B. Wells, WSBA #6317
                           Attorney for Defendants

ANSWER TO COMPLAINT - 6
C:\JBWells\Client Files\Warwick Properties, LLC - 11\ADv - Federal Trade Commission\Answer to Complaint.wpd

*Law Offices*
JEFFREY B. WELLS
502 LOGAN BUILDING
500 UNION STREET
SEATTLE, WA 98101
(206) 624-0088 • Fax (206) 624-0086

Case 09-01584-TTG    Doc 4    Filed 01/15/10    Entered 01/15/10 19:05:02    Page 6 of 6